Peter A. Qurak, J.
This is a motion by plaintiff for summary judgment. Defendant cross-moves for summary judgment in its favor.
Plaintiff’s motion for summary judgment, pursuant to OPLR 3212, seeks a judgment (1) declaring a: that plaintiff may continue to appear on radio irrespective of membership in the defendant American Federation of Television and Radio Artists (“ Aftra ”), b: that section 8 (subd. [a], par. [3]) of the National Labor Relations Act (IT. S. Code, tit. 29, § 158) insofar as it authorizes or purports to authorize Aftra’s agreement with radio broadcasters which requires or purports to require that plaintiff be a member of Aftra, pay dues, or comply with Aftra’s orders and regulations violates the First and Ninth Amendments to the United States Constitution; and (2) enjoining Aftra from taking or threatening any action against plaintiff by reason of his withdrawal from Aftra, failure to pay Aftra’s dues or comply with any Aftra order.
Defendant’s cross motion for summary judgment seeks to dismiss the complaint on the grounds that (a) the complaint fails to place a present justiciable controversy before the court, (b) because the complaint fails to state a cause of action or claim upon which relief can be granted, and (c) that the court has no jurisdiction over the subject matter of the cause of action.
Plaintiff is a news commentator and has his own radio shows over the Mutual Broadcasting System. Defendant has entered *255 into an agreement with Mutual hy which membership in Aftra is required as a condition of employment by Mutual for broadcasting purposes. Under this agreement Mutual can maintain in employment only those persons who are members of the union in good standing, or making application for membership within 30 days of employment and thereafter maintain membership in good standing as a condition of employment. It is the policy and practice of Mutual to comply with its ‘ ‘ union shop ’ ’ obligations to Aftra. Thus, plaintiff has joined Aftra.
Plaintiff alleges that he has been coerced by Aftra to stay in the union at the risk of losing his employment. He also alleges that he had been intimidated by Aftra into stopping broadcasting during an Aftra strike in 1967. He alleges that he feared that if he did not “ play ball ” with the union he would be open to disciplinary action by the union and thus possibly lose his membership in the union and therefore his job. Plaintiff also alleges that fear of possible disciplinary action by the union has made him feel a certain intimidation as to expressing on the air certain of his views that are contrary to the interests of the union. In general, plaintiff contends the requirement of membership in the union violates his right of freedom of speech and is thus unconstitutional. Defendant disputes the factual allegations of any coercion or intimidation on its part.
The first question that must be dealt with is whether the court has jurisdiction to entertain this case. The Supreme Court is a court of general jurisdiction, and it is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed. (N. Y. Const., art. VT.) Here, the complaint asserts that section 8 (subd. [a], par. [3]) of the National Labor Relations Act, under the authority of which defendant has negotiated a contract with Mutual Broadcasting System, giving it the right to prevent plaintiff from appearing on Mutual’s network unless he is a member of defendant union violates, to that extent, the First Amendment to the United States Constitution. Thus, there is a clear claim under the United States Constitution, and there is no doubt that. State courts of general jurisdiction may entertain such claims.
The fact that plaintiff is continuing to pay his dues rather than possibly be put off the air does not mean that there is not a justiciable controversy for this court to hear. “ An action for a declaratory judgment is the appropriate remedy for the determination of a justiciable controversy where the plaintiff is in doubt as to his legal rights and wishes to avoid the hazard of taking action in advance of the determination of such rights. *256 (Bunis v. Conway, 17 A D 2d 207, 208.) The remedy of an action for a declaratory judgment is particularly appropriate for the determination of constitutional questions.” (Bunis v. Conway, supra, p. 210.) If the remedy of declaratory judgment were not available, the constitutionality of the union shop would never be adjudicated as no public commentator would be willing to be put off the air for the period of time necessary to litigate the issue.
The arguments that the court lacks jurisdiction on theories of pre-emption or failure to exhaust remedies are without merit. This is not a case which is pre-empted by a Federal board. The policy behind the pre-emption doctrine is not served by deferring to the board where a constitutional question is validly presented. The board’s special expertise does not ektend to the interpretation of the Constitution. That field has been traditionally reserved to the courts. In addition, the plaintiff is clearly not bringing an action under the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 151 et seq.)'. Further, this is not a grievance against an employer under a collective bargaining agreement that he must first process under the procedures in the collective bargaining agreement. This, rather, is a case asserting rights under the First Amendment in which the court has a clear right to take jurisdiction.
On the merits of the case there are two main issues to be decided. The first is whether the proviso of section 8 (subd. [a], par. [3]) of the National Labor Relations Act, by requiring plaintiff to be a member of Aftra and pay dues unconstitutionally acts as a prior restraint on free speech. The second question is whether the factual disputes as to coercion or intimidation by Aftra are relevant to the above legal question, thus rendering summary judgment impossible.
It is clear that newscasters as well as all radio and T. V. performers are entitled to the protection of the First Amendment. Freedom of speech includes expression not limited to the written or spoken word. However, it is clear that freedom of speech is not absolute. (Near v. Minnesota, 283 U. S. 697; Konigsberg v. State Bar, 366 U. S. 36.)
The State has the power to regulate, despite what may be some incidental infringement, individual rights. The helpful means; devised by the State to deal with “ evils ” has been weighed by the courts against any infringement on rights. (Mine Workers v. Illinois Bar Assn., 389 U. S. 217.) Congress has exercised its constitutional power to regulate labor relations, enacting the Wagner Act of 1936, the Taft-Hartley Act of 1947, *257 and the Landrum-Uriffin Act of 1959. Under the National Labor Relations Act (NLRA), Congress empowered the National Labor Relations Board to regulate labor relations. NLRA commands, as its purpose and policy, that the peaceful procedures of collective bargaining supersede the jungle warfare which caused industrial strife. Thus, collective bargaining is a private undertaking by employer and labor organizations in the public interest. The case of Labor Bd. v. Jones & Laughlin (301 U. S. 1) affirmed the validity of the Wagner Act, and this has been the basis of all future labor regulations. The only source of revenue for the union is membership dues and initiation fees. The Supreme Court has made it clear that requiring a reasonable fee for membership by a “ union shop ” provision is not in itself a violation of constitutional rights. (Railway Employees Dept. v. Hanson, 351 U. S. 225; Machinists v. Street, 367 U. S. 740.) The viability of unions is part and parcel of Congress’ intention to promote industrial peace through collective bargaining. The beneficiaries of collective bargaining, being all the members of the laboring force, should contribute to the cause and not have a “ free ride ”. Thus, Railway Employees Dept. v. Hanson (supra) decided that it was permissible for the Legislature to require all who gain from collective bargaining to contribute to it. Aftra has been explicitly and particularly selected by a majority of the employees in the same bargaining unit as plaintiff as their bargaining agent. Its services, consequently, are expressly solicited and wanted by these employees for the full, fair and faithful pursuit of the collective bargaining objects and purposes of these employees in the exercise of the rights guaranteed to all employees under the NLRA. Although the plaintiff derides the benefits accruing to him by reason of the collective bargaining of Aftra, whether he wants such benefits or not, Aftra is obligated to provide such benefits to him as an employee in the bargaining unit under the doctrine of Vaca v. Sipes (386 U. S. 171, 177): “ Under this doctrine, the exclusive agent’s statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination towards any”.
The decision of Labor Bd. v. General Motors (373 U. S. 734, 743-744) makes clear that “ membership ” need be no more than paying dues. “ If an employee in a union shop unit refuses to respect any union-imposed obligations other than the duty to pay dues and fees, and membership in the union is therefore denied or terminated, the condition of 1 membership ’ for § 8(a) (3) purposes is nevertheless satisfied and the employee may not *258 be discharged for nonmembership even though he is not a formal member. Of course, if the union chooses to extend membership even though the employee will meet only the minimum financial burden, and refuses to support or ‘ join ’ the union in any other affirmative way, the employee may have to become a ‘ member ’ under a union shop contract, in the sense that the union may be able to place him on its rolls.”
The right of access to radio and T. V. is not an absolute right open to all. It is secured to plaintff by his employer as an incident to his employment. Plaintiff seems to be arguing that in requiring him to be a member of Aftra and pay dues, he is being denied free speech, because if he fails to remain a member he will not have access to the radio network on which he gives his views. It may be true that by failing to pay dues plaintiff would not be allowed access to the radio programs he now has, but he would also be denied access if his program was cancelled by the network or if his program was pre-empted by what the network considered a more important show. There are many impediments to having access to air one’s view on the radio and T. V. networks. If there were no impediments, such access would be an absolute right that all persons would have.
Thus, it is clear that the “ union shop ” requirement does not violate the constitutional rights of plaintiff.
The second question to be answered is whether the allegations of coercion and intimidation affect the legal issue discussed above.
Basically, the allegations contend that plaintiff was coerced and intimidated by being told and having knowledge that if he left or was forced out of the union he would not be able to continue broadcasting. However, the court has already made clear that denying the right to broadcast because he is not a member of the union, in the sense that he does not pay dues, is not a violation of his rights. Thus, even if the allegations were true and plaintiff was told that he could not broadcast if he did not remain a “member” of the union (“member” being interpreted by the General Motors case as paying dues), this was not coercion or intimidation. As long as plaintiff pays his dues his emplpyment cannot be impaired. (Labor Bd. v. General Motors, 373 U. S. 734, supra.) This is clear and there is no allegation of facts that in any way shows a violation of the above principle. There has also been no allegation of union disciplinary action which has interfered with plaintiff’s employment. Thus, the factual dispute between the parties does not bear on the legal issue involved and does not prevent the granting of summary *259 judgment. There are no triable issues involved. The union shop agreement does not, as a matter of law, violate any of the plaintiff’s constitutional rights.
Accordingly, summary judgment is granted in favor of defendant.